UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

FREDERICK S. HARRIS,               )
                                   )
      Plaintiff,                   )
                                   )
      v.                           )          17-CV-1288
                                   )
WEXFORD HEALTH SOURCES,            )
INC.,                              )
                                   )
                                   )
      Defendants.                  )

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Pontiac
Correctional Center. His Complaint is before the Court for a merit
review pursuant to 28 U.S.C. § 1915A.  This section requires the
Court to identify cognizable claims stated by the Complaint or
dismiss claims that are not cognizable.[1]  In reviewing the complaint,
the Court accepts the factual allegations as true, liberally
construing them in Plaintiff's favor and taking Plaintiff's pro se
status into account.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir.

---

[1] A prisoner  who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can
no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury."  28
U.S.C. § 1915(g).

2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that Defendants have failed or refused to provide him adequate treatment for his serious mental health needs. He allegedly suffers from nightmares, post-traumatic stress disorder, an inability to sleep, obsessive/compulsive behaviors, lack of emotional/behavior control, audio/visual hallucinations, panic attacks, and suicidal thoughts. He has allegedly been placed in punitive segregation, which exacerbates his mental illness. Defendants have allegedly refused to designate Plaintiff as "seriously mentally ill" so that he can obtain the mental health treatment promised in the settlement in Rasho v. Walker, 07-cv-1298 (C.D. Ill.). Defendants have refused to provide Plaintiff one-on-one therapy, instead requiring Plaintiff to attend group therapy which is ineffective because Plaintiff does not feel comfortable discussing his problems in a group setting. Additionally, Plaintiff's mental health medications allegedly do not help. These are just

some examples that Plaintiff includes in his complaint to support his claim.

There is no constitutional violation if Defendants are exercising their professional judgment within acceptable bounds when they decide what treatment Plaintiff needs or does not need. Additionally, questions about the implementation of the Rasho settlement belong in the Rasho case. However, addressing these issues would be premature. Parsing out which Defendants might be personally responsible would also be premature. At this point, the Court cannot rule out an Eighth Amendment claim for deliberate indifference to Plaintiff's serious mental health needs against all Defendants.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference to his serious medical needs. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      This case is now in the process of service.  Plaintiff is

advised to wait until counsel has appeared for Defendants before

filing any motions, in order to give Defendants notice and an

opportunity to respond to those motions.  Motions filed before

Defendants' counsel has filed an appearance will generally be

denied as premature.  Plaintiff need not submit any evidence to the

Court at this time, unless otherwise directed by the Court.

3)      The Court will attempt service on Defendants by mailing

each Defendant a waiver of service.  Defendants have 60 days from

the date the waiver is sent to file an Answer.  If Defendants have not

filed Answers or appeared through counsel within 90 days of the

entry of this order, Plaintiff may file a motion requesting the status

of service.  After Defendants have been served, the Court will enter

an order setting discovery and dispositive motion deadlines.

4)      With respect to a Defendant who no longer works at the

address provided by Plaintiff, the entity for whom that Defendant

worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used

only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or

responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)    Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)    If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11)   **Plaintiff's motion for the Court to appoint counsel is denied (5),** with leave to renew on a more developed record. The Court does not have the authority to order an attorney to accept pro bono appointment on a civil case such as this.  Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007).  The most the Court can do is ask for volunteer counsel.  In determining whether the Court should attempt to find an attorney to voluntarily take the case, the question is "given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  Pruitt, 503 F.3d at 654-55 (7th Cir. 2007).  On this record, Plaintiff appears competent to proceed pro se.  His pleadings are thorough and relatively well written, and he has some federal litigation experience.  He should have personal knowledge of many of the relevant facts underlying his claims, such as the symptoms he has been experiencing, his attempts to obtain help, and the responses he received.  Plaintiff may renew his motion on a more developed factual record, setting forth his educational

level, any jobs he has had inside or outside of prison, and any classes he has taken in prison.

12) **Plaintiff's motion for status is denied as moot. (d/e 6.)**

13) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

14) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:  September 21, 2017

FOR THE COURT:

        **s/Sue E. Myerscough**
        SUE E. MYERSCOUGH
        UNITED STATES DISTRICT JUDGE